Schaefer, Recurrente, *v.* El Registrador de la Propiedad, Recurrido.

## Recurso gubernativo contra resolución del Registrador de la Propiedad de Caguas.

No. 165.—Resuelto primeramente en diciembre 19, 1913.

Resuelto en reconsideración en enero 31, 1914.

Anotación de Embargo—Bienes Inscritos a Nombre de una Persona Distinta del Deudor.—Para que pueda anotarse en el registro de la propiedad un mandamiento de embargo, es necesario que los bienes embargados estén inscritos a nombre del deudor y en el caso de que estén inscritos a nombre de una persona distinta, de acuerdo con el artículo 92 del reglamento para la ejecución de la Ley Hipotecaria, debe el registrador denegar la anotación del embargo.

Id.—Cambio de Nombre de la Corporación Deudora—Mandamiento de Embargo Contra la Nueva Corporación.—Aun cuando en un mandamiento de embargo se haga constar que los bienes inscritos en el registro a nombre de determinada corporación pertenecen a otra, por ser esta la misma entidad con sólo el cambio de nombre oficialmente hecho con arreglo a derecho, esto no es suficiente para que el registrador pueda anotar el mandamiento de embargo en los bienes inscritos a nombre de la primera corporación, siendo indispensable que este cambio de nombres se haga constar .previamente en los libros del registro.

### MOCIÓN SOBRE RECONSIDERACIÓN.

Id.—Cambio de Nombre de la Corporación Deudora que no Consta en el Registro.—Aun cuando la Corte de Distrito de San Juan, Sección 1ª., en juicio seguido por George Schaefer contra The Logan Tobacco Co. ordenara el embargo de bienes inscritos en el registro a favor de Manton Govern Company por tratarse de una misma entidad jurídica con sólo el cambio de nombre, y tal embargo se practicara por el marshal, el registrador, no obstante la sección 9 de la ley de marzo 1, 1902, para asegurar la efectividad de las sentencias procedió bien al denegar la anotación de dicho embargo, si del registro no aparecía en forma alguna que los bienes pertenecieran a la parte demandada, o sea The Logan Tobacco Co.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José R. F. Savage.*

El registrador, Sr. Raúl Benedicto, no compareció.

El Juez Presidente Sr. Hernández emitió la opinión del tribunal.

En juicio civil seguido ante la Corte de Distrito del Distrito Judicial de San Juan, Sección 1ª., por *George Schaefer* v. *The Logan Tobacco Company,* sobre cobro de dinero, a instancia de la parte demandante se expidió una orden al márshal de dicha corte que copiada a la letra dice así:

*"El Pueblo de Puerto Rico, al Márshal de esta Corte:*

"Por cuanto el demandante en la acción arriba mencionada ha solicitado el aseguramiento de la efectividad de la sentencia que en aquélla haya de recaer;

"Por cuanto esta corte accedió a dicha solicitud, mediante fianza que prestó el demandante por la suma de $3,000, para responder de los daños y perjuicios que a la demandada puedan irrogarse por virtud de dicho aseguramiento;

"Por tanto, Vd., el márshal antes referido, es requerido por medio de la presente, para que ajustándose en todo a los preceptos de la ley de la Asamblea Legislativa de Puerto Rico de 1º. de marzo de 1902, procede al embargo de bienes del demandado en cantidad suficiente a cubrir la cantidad reclamada ascendente a $5,300 con sus intereses desde el día 1º. de abril de 1913, con $700 más para costas, gastos y honorarios del abogado del demandante en este pleito, habiéndose justificado por el demandante que los bienes inscritos en el Registro de la Propiedad de Caguas en nombre de Manton Govern Company pertenecen a la demandada por ser ésta la misma entidad, con sólo el cambio de nombre oficialmente hecho con arreglo a derecho, se hace esta orden de embargo extensivo a dichos bienes, y devolverá Vd. el presente diligenciado a la oficina del secretario de esta corte.

"Dado en San Juan, P. R., a 16 de agosto de 1913 bajo mi firma y el sello de esta corte. C. Marrero, secretario."

En cumplimiento de la orden trascrita el márshal embargó como de la propiedad de la demandada The Logan Tobacco Co., tres fincas rústicas de distinta cabida radicadas en el término municipal de Aguas Buenas, y habiendo librado mandamiento por duplicado al Registrador de la Propiedad de Caguas para la anotación del embargo, fué ésta denegada por medio de nota que transcribimos a continuación:

"Denegada la anotación del embargo a que se refiere el precedente mandamiento, por hallarse inscritas las tres fincas que se embar-

gan, a nombre de Manton Govern Company, entidad distinta de la demandada The Logan Tobacco Company, sin que se haya hecho constar en el registro, en debida forma, el cambio de nombre de la citada corporación Manton Govern Company, que expresa el mandamiento; extendiéndose en su lugar anotación preventiva por el término legal de 120 días, a favor del demandante George Schaefer, a los folios 150, y 96 vuelto del tomo 14 de Aguas Buenas, y al folio 15 del tomo 5°. del propio ayuntamiento, fincas números 15 quintuplicado, 533 duplicado y 195, anotaciones letras D. B. y A, respectivamente, con el defecto subsanable de no distribuirse el importe del embargo entre las tres fincas embargadas. Caguas, P. R., 22 de agosto de 1913.    Raúl Benedicto, registrador.''

Esa nota ha sido recurrida para ante esta Corte Suprema por la representación de George Schaefer, y tal es el recurso sometido a nuestra consideración y decisión.

El Registrador de Caguas ha procedido con razón derecha.

Según el artículo 20 de la Ley Hipotecaria, para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen, debiendo los registradores denegar la inscripción de dichos títulos mientras no se cumpla el requisito expresado, bajo la sanción, si así no lo hicieren, de ser responsables directamente de los perjuicios que causen a un tercero; y de conformidad con la doctrina establecida en dicho artículo ordena la regla 2ª. del artículo 92 del Reglamento para la Ejecución de la Ley Hipotecaria, que si la propiedad de las fincas embargadas apareciere inscrita en los libros antiguos o nuevos a favor de una persona que no sea aquella contra quien se hubiese decretado el embargo, se denegará la anotación, practicándose cuanto la ley y el Reglamento disponen para las inscripciones que se denieguen por defectos no subsanables.

Haciendo aplicación al presente caso de los anteriores preceptos legales, tenemos que llegar a la conclusión de que, apareciendo inscritas a nombre de Manton Govern Company las

tres fincas de que se trata, no puede tomarse sobre las mismas la anotación preventiva de un embargo decretado contra The Logan Tobacco Company, entidad jurídica distinta de la que en el registro aparece como dueño.

Y no importa que según se consigna en la orden de embargo, se haya justificado por el demandante que los bienes inscritos en el Registro de la Propiedad de Caguas a nombre de Manton Govern Company pertenezcan a la demandada The Logan Tobacco Company, por ser ésta la misma entidad con sólo el cambio de nombre oficialmente hecho con arreglo a derecho y que se haya hecho extensiva la orden de embargo a dichos bienes, pues del registro no aparece que la demandada The Logan Tobacco Company y Manton Govern Company sean una misma entidad y esa constancia es requisito indispensable previo y necesario para la anotación del embargo trabado, so pena de incurrir el registrador en la responsabilidad marcada por la ley.

En apoyo de la doctrina expuesta invocamos las resoluciones de la Dirección General de los Registros de España de 27 de marzo de 1874 y 3 de abril de 1877, y la de esta Corte Suprema en el caso de *Pérez v. El Registrador de la Propiedad,* 14 D. P. R., 721.

Por las razones expuestas es de confirmarse la nota recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.

Presentada moción de reconsideración por la parte recurrente fué denegada en enero 31, 1914, por medio de la siguiente opinión emitida por el Juez Presidente Sr. Hernández.

Dictada resolución por esta Corte Suprema en 19 de diciembre del año próximo pasado en recurso gubernativo interpuesto por George Schaefer contra nota del Registrador de la Propiedad de Caguas de 22 de agosto del mismo año, denegando anotación de embargo de fincas rústicas, cuya nota fué confirmada por dicha resolución, la representación de George Schaefer ha presentado moción para que reconsideremos nuestra resolución teniendo en cuenta los términos en que estaba redactada la orden de embargo de la Corte de Distrito de San Juan, cuya anotación en el registro fué denegada.

En la opinión que sirve de fundamento a la resolución a que se refiere la anterior moción, no sólo insertamos la orden de embargo de que se trata, sino que además le prestamos nuestra consideración, llegando a la conclusión de que la nota recurrida se ajustaba a los preceptos de la Ley Hipotecaria y a la jurisprudencia establecida por la Dirección General de los Registros de España y por esta Corte Suprema.

Hoy sólo nos toca añadir que aunque la Corte de Distrito de San Juan en juicio seguido por *George Schaefer* v. *The Logan Tobacco Company* ordenara el embargo de bienes inscritos en el registro a favor de Manton Govern Company, por tratarse de una misma entidad jurídica con sólo el cambio de nombre, y tal embargo se practicara por el márshal, el registrador para verificar su anotación en el registro, no obstante la sección 9 de la Ley de 1º. de marzo de 1902 para asegurar la efectividad de sentencias, debió sujetarse como lo hizo a los preceptos de la Ley Hipotecaria que determinan los casos y la forma en que deben verificarse las inscripciones o anotaciones.

Véase las resoluciones dictadas en los siguientes casos: *El Pueblo de Puerto Rico* v. *El Registrador de la Propiedad,* 8 D. P. R., 8; *American Railroad Company of Porto Rico* v. *El Registrador de la Propiedad,* 14 D. P. R., 727.

Si del registro no aparecía en forma alguna que los bienes pertenecieran a la parte demandada, o sea The Logan Tobacco Company, el registrador tenía que denegar la anotación de

embargo, como así lo verificó ajustándose a la Ley Hipotecaria y a su reglamento.

Por las razones expuestas procede desestimar la moción de reconsideración.

*Denegada la moción de reconsideración.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary había fallecido en enero 5, 1914.